# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 23-193** (Taylor County 11-F-50)

**Robert L. Shingleton,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Robert L. Shingleton appeals the Circuit Court of Taylor County's March 7, 2023, order revoking his extended supervised release and sentencing him to ten years of imprisonment.[1] The petitioner asserts that it was error for the circuit court to revoke his supervised release, and that its sentence of ten-years imprisonment was excessive and disproportionate. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court is appropriate. *See* W. Va. R. App. P. 21.

On May 2, 2011, the petitioner pled guilty to four counts of third-degree sexual assault, and the circuit court sentenced him to an aggregate term of four to twenty years of imprisonment and fifty years of supervised release.[2] The petitioner was released from imprisonment on July 19, 2020, and his supervised release period began. *See* W. Va. Code § 62-12-26(d) ("The period of supervised release imposed by the provisions of this section shall begin upon the expiration of any period of probation, the expiration of any sentence of incarceration or the expiration of any period of parole supervision imposed or required of the person so convicted, whichever expires later.").

On June 8, 2021, the State moved to revoke the petitioner's supervised release alleging that he violated its terms because he tested positive for use of methamphetamine; was discharged from a treatment facility due to drug use; deleted text messages and photographs from his cellular phone; and viewed pornography on his cellular phone. The petitioner stipulated to these violations at his revocation hearing on June 29, 2021, and the circuit court revoked supervised release and sentenced him to two years of imprisonment. With good time credit, the petitioner was able to

---

[1] The petitioner appears by counsel Ira A. Richardson. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 62-12-26.

complete his sentence after serving one year, and he was returned to supervised release on June 21, 2022.

The State again moved to revoke the petitioner's supervised release after receiving reports that the petitioner had tested positive for drug and alcohol use. At his revocation hearing, after being informed of his rights, the petitioner stipulated to the supervised release violations. Accordingly, the circuit court determined that the petitioner "ha[d] freely, knowingly, and voluntarily waived his right to a revocation hearing" and stipulated to the violations. The circuit court made a finding that the petitioner's admission to drug addiction during the revocation proceedings made him a danger to society because his continued substance abuse "could lower his sexual inhibitions thereby increasing the likelihood for him to sexually reoffend." The court revoked his supervised release and sentenced him to a ten-year term of imprisonment. The circuit court entered its sentencing order on March 7, 2023, and it is from this order that the petitioner now appeals.

In his single assignment of error, the petitioner argues that the circuit court erred in sentencing him to ten years of imprisonment after revoking his supervised release pursuant to West Virginia Code § 62-12-26,[3] which provides, in relevant part:

> (a) Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b . . . shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[;]
> . . . .
> (g) The court may:
> . . . .
> (3) Revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

The petitioner does not challenge the circuit court's finding that he violated the terms of supervised release, nor does he dispute that those violations warranted revocation; instead, the petitioner asserts that the length of the court's revocation sentence was excessive and disproportionate to the nature of his supervised release violations. He contends that imposition of such a sentence constitutes cruel and unusual punishment and is prohibited by the Eighth Amendment of the United

---

[3] The record on appeal does not indicate the petitioner's offense dates, and it is unclear whether the 2009 or the 2011 (effective March 4, 2011) version of West Virginia Code § 62-12-26 is applicable to the petitioner's circumstances, but for purposes of this appeal, the relevant portions of the statute are identical.

States Constitution and Article III, Section 5 of the West Virginia Constitution.

> When reviewing an order modifying or revoking a defendant's supervised release under West Virginia Code § 62-12-26(h), we apply a three-pronged standard of review. We review the circuit court's final order and decision to modify or revoke a defendant's supervised release under an abuse of discretion standard; we review challenges to findings of fact under a clearly erroneous standard; and we review questions of law and interpretations of statutes de novo.

Syl. Pt. 1, *State v. White*, 249 W. Va. 532, 896 S.E.2d 698 (2023).[4]

We have held that, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, the petitioner did not receive a recidivist sentence, and the circuit court sentenced him under the provisions of West Virginia Code § 62-12-26, which limits a sentence of supervised release to fifty years. The petitioner's sentence does not fall within either of the categories delineated by our holding in *Wanstreet* and is not reviewable on proportionality grounds. *See State v. Allen*, 208 W. Va. 144, 156, 539 S.E.2d 87, 99 (1999) (declining to review under proportionality principles "[b]ecause this case involves neither the possibility of unlimited sentences nor a life recidivist statute"). Therefore, we find that the circuit court did not abuse its discretion in revoking the petitioner's supervised probation and sentencing him to a ten-year term of imprisonment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooten
Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[4] West Virginia Code § 62-12-26(h), cited in *White*, was formerly West Virginia Code § 62-12-26(g) in the 2009 and 2011 versions of the statute.